916 So.2d 925 (2005)
Lucious DUNBAR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2710.
District Court of Appeal of Florida, First District.
November 30, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the order by which the trial court summarily denied his postconviction Brady claim. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Concluding that the appellant alleged a colorable and timely claim under Florida Rule of Criminal Procedure 3.850, and also concluding that the claim is not refuted by attachments to the order, we reverse the order.
A motion under rule 3.850 ordinarily must be brought within two years of the date the conviction and sentence become final, but a defendant may present a rule 3.850 claim thereafter, as did the appellant in the present case, if the claim is based upon newly discovered evidence. See Fla. R.Crim. P. 3.850(b). The appellant here asserted a facially sufficient Brady claim based upon newly discovered evidence.
Although the trial court concluded that the appellant cannot demonstrate prejudice due to circumstances reflected in the trial court record, the trial court did not attach portions of the trial court record which confirm the existence of these circumstances, and thus, we are unable to conduct meaningful appellate review. See Thomas v. State, 707 So.2d 1189 (Fla. 1st DCA 1998).
The order under review is therefore reversed and this case is remanded for the trial court to either attach portions of the trial court record which conclusively refute the appellant's claim or conduct an evidentiary hearing addressing the merits of the claim.
ALLEN, BENTON and VAN NORTWICK, JJ., concur.